CHIEF JUSTICE TURNAGE
dissenting:
I respectfully dissent.
Two-and-one-half-year-old Chad Emery choked on a marshmallow and sustained a permanent injury. Everyone is distressed at this unfortunate incident. However, the issue facing this Court is whether such incident is the basis for a products liability claim for failure of the respondents to warn Chad Emery’s mother of the danger of allowing her son to eat a marshmallow.
The majority opinion, in citing this Courts prior case law in Brown v. North American Mfg. (1978), 176 Mont. 98, 105, 576 P.2d 711, 716, and Riley v. American Honda Motor Co., Inc. (1993), [259 Mont. 128], 856 P.2d 196, 198, 50 St.Rep. 714, 715, correctly states the established rule:
A products liability claim for failure to warn requires proof of the following elements:
“1) the product was in a defective condition, ‘unreasonably’dangerous to the user or consumer,
*95 “2) the defect caused the accident and injuries complained of[.]” [Emphasis supplied.]
The majority opinion then further states:
The question before the District Court was whether genuine issues of material fact existed regarding the potential danger of aspiration of marshmallows without an appropriate warning. We conclude that the District Court erroneously resolved issues of fact regarding the chemical properties of marshmallows and the foreseeability of the danger of aspiration in children.
In the real world of life as it is, the marshmallows in this case were not a product in a defective condition and thereby unreasonably dangerous to the user or consumer. If marshmallows are unreasonably dangerous to eat without a warning, then so would be nearly every conceivable food item that a two-and-one-half-year-old child would tiy to eat; and I submit that children of that age will try to eat anything and everything.
The possibility of a small child choking on nearly all food items is, or should be, a matter of common knowledge to all adults.
The net result of the majority opinion may well be that warnings must be placed on nearly every food item available to the public if the provider is to avoid litigation for a claim of products liability — an interesting challenge for the providers of edible items.
I understand the majority concern about the limits on summary judgments and district judges granting summary judgments when genuine issues of fact exist.
In this case as a matter of law, however, the essential element of a products liability claim is missing — the marshmallow was not in a defective condition and unreasonably dangerous.
I would affirm.
JUSTICE HARRISON concurs in the dissent of CHIEF JUSTICE TURNAGE.